

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
**AUSTIN**

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Knox
Chairman, State Board of Control
Austin, Texas

Dear Sir:

> Opinion No. O-2621
> Re: Has Board of Control power to
> enter into binding contract
> for preparation and burial of
> indigent inmates of certain
> State eleemosynary institutions?

Your inquiry of this department calls for the construction of a certain contract entered into by the Board of Control with a certain undertaker in the city of Austin, dated September 1, 1939, and which is to continue for two years from such date. By the terms of this contract the undertaker agrees, without expense to the State, to prepare and bury inmates of certain State eleemosynary institutions who die without any estate from which a decent burial may be provided.

It may be presumed from this contract as a whole that the true consideration which inures to the undertaker is the privilege of taking all of the dead bodies from the institutions to his undertaking parlor as soon as they pass on, and thereafter is able in many instances to sell to those relatives and friends who claim the body the necessary funeral equipment. A copy of the contract accompanies your letter and has been carefully considered by this department.

The features mentioned above are deemed sufficient explanation of the contract to make intelligent our answer to your inquiries. The first question you propound is: "Does the State Board of Control have authority to enter into such a contract?" We think the question should be answered in the affirmative.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We can find nothing illegal about the same. It is certainly the duty of the State to see that the body of an inmate of the institution is removed to some undertaking parlor as soon as possible after life has ended. It is likewise the duty of the State through the superintendent of the institution to notify the relatives of such inmate's death and where the body may be found. In our opinion, no relative would want or be willing for the body to remain in the institution or without care during the time which would be required in most instances for them to come to Austin and make the necessary arrangements. If the undertaker upon their arrival in Austin makes a trade with them for the necessary casket and other articles for the funeral, that is no concern of the State; and if an undertaker is willing to give a decent burial to those inmates, the expense of which would otherwise be upon the State, just for the privilege of carrying all deceased patients to his undertaking parlor, with the hope of selling relatives the necessary articles for the funeral, we can see nothing illegal about the undertaking, but the whole matter comports to what we believe to be in keeping with the proper care and respect the interested parties are due the deceased patient.

Your second question is:  "Please advise if this contract should be let subject to the requirements of Articles 634a, 635, 642, 643 and 644 of the Revised Civil Statutes of 1925."  An examination of these Articles discloses that they govern the purchase of supplies by the State, and in our opinion would not be applicable in the letting of a contract like this, where no purchase of supplies is involved.

You are further advised that it is our opinion, in the absence of this contract with the undertaker, that the death of one of the inmates of one of the eleemosynary institutions would authorize the State Board of Control to purchase the necessary funeral supplies, in accordance with Article 660 of the Revised Statutes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Grover Sellers
Assistant

GS-MR

APPROVED APR 19, 1940

ATTORNEY GENERAL OF TEXAS

APPROV
OPINIO
COMMITT

BY
CHAIRMA